**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                       **Case No. 12-C-0142**
                                           **(Criminal Case No. 09-Cr-61)**

**QUENTIN DEMARCO TUCKER,**

    **Movant.**

## DECISION AND ORDER

Quentin DeMarco Tucker ("Tucker"), who is incarcerated at the Federal Prison Camp in Yankton, South Dakota, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Tucker's motion states that he does not challenge his entire sentence; he wants only to have the two-point firearm enhancement removed so that he can get the full benefits of the 500 hour drug program. (Mot. 10) (ECF No. 1.) Tucker's position has shifted during the pendency of his motion. At first he wanted to be able to participate in the program. Now he wants to be eligible for early release because he has completed the program. (ECF Nos. 15, 16.)

Upon initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court construed Tucker's motion as an ineffective assistance of counsel claim in violation of his Sixth Amendment right to counsel alleging that (1) counsel failed to challenge the presentence report ("PSR") which reflected the two-point gun enhancement; and (2) counsel failed to challenge Tucker's

purported possession of the gun. Because the Court could not determine that Tucker was not entitled to relief based on his Sixth Amendment claim, it required the Plaintiff, United States of America, to file an answer to Tucker's motion. (ECF No. 4.) A copy of the Rule 4 order was also sent to Tucker's trial attorney. She filed no response.

The Government's answer asserts that the Court should deny Tucker's motion because (1) the two-point enhancement was proper, therefore Tucker's attorney was not ineffective for failing to challenge it, and (2) Tucker knowingly and voluntarily waived his right to challenge the two-point enhancement in exchange for the Government' post-guilty plea agreement to recommend a sentence at the bottom of the guideline range. (ECF No. 5.)

Tucker filed a brief in support of his motion, with attached letters from Eboni Adams ("Adams"), his girlfriend, and Jacquelyn Tucker, his mother. (ECF No. 8.) Subsequently Tucker filed a motion to amend or correct his § 2255 motion, which includes two exhibits — the first page of a letter dated February 3, 2011, from trial counsel, and Tucker's affidavit. (ECF No. 10.) Tucker also requests that an evidentiary hearing be conducted on his § 2255 motion.

The motion to amend was followed by a "traverse" asserting that during the sentencing stage Tucker's counsel made choices that prejudiced him and that his due process rights were abridged because his sentence was based on unreliable information contained in the PSR. (ECF No. 12.) Tucker also filed a motion for clarification which requests that the Court clarify its findings with respect to the involvement of a firearm in connection with his offense. (ECF No. 13.) The Government's sole filing in this action

is its answer.

## Motion to Amend

The first matter to be addressed is Tucker's motion to amend his § 2255 motion. "Until a final ruling has been issued, a district court must consider a petitioner's request to amend his § 2255 motion, though the court need not grant the requested amendments." *See Vitrano v. United States,* 643 F.3d 229, 234 (7th Cir. 2011); *see also Rutledge v. United States,* 230 F.3d 1041, 1051 (7th Cir. 2000).

The rules governing § 2255 proceedings contain no provision for making amendments, so courts look to Federal Rule of Civil Procedure 15 for guidance by analogy. *See* Sec. 2255 R. 12; *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir. 1999). Rule 15 permits amendments before trial with leave of court, which the Court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). By his amended motion, Tucker seeks to add contentions to his ineffective assistance of counsel claim: (1) that his attorney failed to advise him that his own testimony would be evidence that he had not possessed the firearm, and (2) that she did not challenge Tucker's cousin's statement regarding the firearm as inadmissible hearsay. The Government has not responded to the proposed amendment of the motion.

The first proposed addition to his motion — counsel was ineffective because she did not inform him that his own testimony would be evidence that he did not possess the firearm — could be properly included in an ineffective assistance of counsel claim and will be considered. However, his second proposed addition — counsel was ineffective because she failed to challenge the cousin's statement about the firearm as inadmissible

hearsay — lacks a legal basis. In the sentencing context, this Court "is not bound by the rules of evidence and, so long as it is reliable, may consider a wide range of evidence, including hearsay, that might otherwise be inadmissible at trial." *United States v. Ghiassi,* 729 F.3d 690, 695 (7th Cir. 2013) (citing Fed. R. Evid. 1101(d)(3); U.S.S.G. § 6A1.3(a)). Therefore, the second proposed amendment would be futile and is denied.

## Section 2255 Relief

Section 2255 authorizes a federal prisoner to ask the court that sentenced him to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." A defendant is eligible for relief pursuant to § 2255 only when there has been "an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013).

Tucker entered into a plea agreement that was filed on August 20, 2010. (ECF No. 512.)[1] Paragraph 11 of the plea agreement states that the parties discussed all of the sentencing guidelines provisions they believed to be applicable to the offense to which Tucker plead guilty. Paragraph 17 states that the Government would recommend to the sentencing court that a two-level increase under the Sentencing Guidelines Manual § 2D1.1(b)(1) be applied because a firearm was possessed in connection with the relevant

---

[1] All three-digit ECF numbers refer to Tucker's criminal case, 09-Cr-61.

conduct. The acknowledgments at page 13 of the plea agreement state, in part, "[m]y attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines."

On September 14, 2010, after questioning Tucker under oath, this Court accepted his plea of guilty to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846 as outlined in the plea agreement. (ECF No. 537.) A sentencing date was set for December 10, 2010. (*Id.*) It was rescheduled for January 5, 2011. The parties appeared briefly and the defense requested a short adjournment to address a potential stipulated sentencing recommendation. (ECF No. 641.)

The PSR contains information pertaining to Tucker's possession of a firearm in conjunction with the charged drug offense. Paragraph 74 indicates that Tucker was responsible for possessing a firearm in connection with his drug dealing, stating that the execution of a search warrant at the residence of Dana Tucker ("Dana"), the defendant's cousin,[2] revealed a black Taurus, model 357 magnum revolver, which belonged to Tucker. Dana further revealed that Tucker packaged drugs in her residence and stored drugs there.

Paragraph 87 provides additional information regarding the firearm. Dana stated that Tucker moved in with her in February 2009 because the police raided his prior residence. During the search of her residence, officers recovered two firearms; one was

---

[2] Because Tucker and his cousin have the same surname, the Court departs from its usual practice of referring to individuals by surname and refers to the cousin by her given name. No disrespect should be inferred.

found in the kitchen and one was found in her bedroom. Dana stated the only firearm she knew about which should have been in the house was Tucker's 357 magnum revolver, which was found in the kitchen. Dana stated that Tucker's objective was to take the gun to his girlfriend's house, but "her" vehicle did not have a valid registration and he did not want to be stopped in the vehicle with the firearm. Dana stated that Tucker often cut up and repackaged cocaine in her residence and stored drugs there. The day before the search warrant was executed Tucker had two 8-balls of crack cocaine repackaged there.

Paragraph 100 notes that Tucker stated he "hung out" at Dana's house and that she was selling cocaine out of her house. Paragraphs 126 and 130 indicate that prior to moving in with his mother, Tucker lived with his girlfriend of about five years, Ebony [sic] Adams, at 1349 North 23rd Street in Milwaukee. Paragraph 101 indicates that Tucker knew Dana had been arrested in March of 2009 and that two guns were found in her residence. Tucker stated he knew the guns were there and that one was a Tech 9 and the other was a 357 magnum. Tucker stated that Jeffery Calhoun ("Calhoun") or another individual "Mook" had brought the Tech 9 over the night before the search of Dana's residence. Tucker also reported seeing Calhoun with a 9mm Taurus firearm at a drug house in January 2009.

On January 25, 2011, Tucker filed a sentencing memorandum indicating that based on the calculations in the PSR his guideline range was 63 to 78 months of imprisonment, and stating that the government had agreed to recommend a sentence of 63 months. (ECF No. 674.) Tucker requested a non-guideline sentence. The memorandum did not address the firearms enhancement.

During the January 28, 2011, sentencing proceeding, the Government told the Court that Dana had also been indicted and that she had guns in her residence she said Tucker stored there.[3] (ECF No. 684.)

This Court sentenced Tucker to 63 months in prison. (*Id.*) The judgment of conviction was entered on February 1, 2011. (ECF No. 689.)

By a February 3, 2011, letter regarding a potential appeal, counsel wrote Tucker: "You listened to [Dana's] statement in my office a while ago and other than telling me that she was lying you provided me with no information to rebut her claims." (ECF No. 10-1.) The letter also reflects counsel's assessment that if Dana had been called to testify, the Court would have believed her and her testimony would not have helped Tucker because she would have repeated the same information she provided to the police.

Tucker did not file a direct appeal. (*See* ECF No. 696.) Therefore, the judgment became final on February 15, 2011. On February 9, 2012, Tucker filed a timely motion pursuant to § 2255.

The focus of Tucker's motion is the firearm enhancement applied at sentencing, but that claim fails. A sentencing challenge must be made on direct appeal. Tucker did

---

[3] Federal court records establish that on March 4, 2009, a federal grand jury in this District returned an indictment against Dana charging her with possessing with intent to distribute cocaine base in the form of crack cocaine (Count One); being a felon in possession of a firearm, specifically a black Taurus 357 magnum revolver, serial number BM571785 (Count Two); and being a felon in possession of a firearm, specifically an Intratec 9mm machine pistol. *United States v. Tucker*, No. 09-Cr-130 (E.D. Wis.) (the "130 action"). On February 14, 2011, Counts One and Two were dismissed on the government's motion, and Dana was sentenced to 12 months and one day on Count Three. (*Id.*, Sentencing Hr'g Mins. & J.) (ECF Nos. 25, 26.) On July 2, 2009, in part as a result of the charges in the 130 action, Dana's supervised release in *United States v. Tucker*, No. 01-Cr-211 (E.D. Wis.) was revoked, and she was sentenced to 24 months of imprisonment. (*Id.*, Final Revocation Hr'g Mins. & J.) (ECF Nos. 171, 172.)

- 7 -

not appeal. Therefore, any direct challenge to that enhancement is procedurally defaulted. To the extent that Tucker has also articulated a claim that his due process rights were abridged because his sentence was based unreliable information contained in the PSR, that claim is also waived by Tucker's failure to appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Tucker has not demonstrated facts necessary to overcome his procedural default.

The government's brief states that notes in its file indicate it offered to agree to a stipulated sentence of 60 months, which was not acceptable to Tucker. On January 14, 2011, the government further communicated with defense counsel and offered to recommend a sentence of 63 months. Tucker would be free to argue for less time, but then would not oppose the firearms enhancement. The government states that Tucker agreed to that, as evidenced by the January 25, 2011, sentencing memorandum he filed referencing the government's 63-month recommendation. (Gov.'s Ans. 4-5.)

The facts as described by the government suggest that between January 14 and January 25, 2011, the parties reached an agreement that the government would ask for a 63-month sentence in exchange for Tucker's agreement not to challenge the sentencing enhancement. Tucker's post-answer filings neither address nor refute the government's representations.

While Tucker argues that he received ineffective assistance of counsel at sentencing, a claim which is properly raised for the first time by means of a § 2255 motion, *see*, *Massaro v. United States,* 538 U.S. 500, 504-05 (2003), courts "are reluctant to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel." *Allen v. United States,* 175 F.3d 560, 563 (7th Cir. 1999).

Tucker contends that his counsel was ineffective because she failed to challenge the presentence report which reflected a two-point gun enhancement; failed to challenge Tucker's purported possession of the gun; and failed to advise him that his own testimony would be evidence that he had not possessed the firearm.

To establish ineffective assistance of counsel, Tucker must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). If Tucker is unable to make a sufficient showing of one of the Strickland prongs, the Court need not consider the other. *See Strickland,* 446 U.S. at 697; *Atkins v. Zenk,* 667 F.3d 939, 946 (7th Cir. 2012). "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Koons v. United States,* 639 F.3d 348, 351 (7th Cir. 2011). So long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision generally cannot support a claim of ineffective assistance of counsel. *United States v. Cieslowski,* 410 F.3d 353, 360 (7th Cir. 2005).

In his § 2255 filings, Tucker denies ever owning or possessing a gun. He states that he told trial counsel Dana was lying. He also states that beginning in 2006 he lived with Adams and that he never "stayed" with Dana or took a firearm to her house. (ECF No. 8, at 3 [unnumbered].) In addition, he states he had his own truck, a green Yukon, which had license plates that belonged to Solem Jones.

The PSR contains conflicting stories regarding Tucker's residence and the gun's ownership. Dana claimed Tucker lived at her residence. He claimed he had lived with his girlfriend. Dana claimed that the 357 magnum was Tucker's. Tucker did not admit the gun was his. Based on the unrefuted representation of the government, there was a sound sentencing strategy. Although Tucker denied owning or possessing the gun, counsel lacked sufficient specific facts that would have allowed a successful challenge. The circumstances support a finding that Tucker agreed not to contest the firearm enhancement in exchange for the government's agreement to recommend a sentencing at the low end of the guidelines with the firearm enhancement.

Tucker now provides a number of facts to support his earlier statement to trial counsel that Dana was lying. However he has not established that he conveyed all of those facts to trial counsel prior to sentencing so that they could form a basis for her to challenge the PSR and his possession of the gun, or for her to inform him that his testimony could constitute evidence of his non-possession of the gun. The facts that Tucker has marshaled do not demonstrate that counsel's performance at sentencing fell below an objective standard of reasonableness based on what she knew at the time. Therefore, Tucker has not established one of the essential parts of an ineffective

assistance of counsel claim.

A district court has discretion to "deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Li v. United States,* 648 F.3d 524, 532 (7th Cir. 2011) (quoting *Koons,* 639 F.3d at 354-55). Having concluded that the papers, files and records in this case establish that Tucker is not entitled to relief, there is no reason to hold an evidentiary hearing.

Under Rule 11 of the Rules governing Section 2255 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a movant. The Court declines to issue a certificate of appealability because reasonable jurists could not differ on these conclusions.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Tucker's motion to amend his motion for relief pursuant to § 2255 is **GRANTED in part and DENIED in part**; and

Tucker's motion for relief pursuant to § 2255 (ECF No. 1) is **DENIED**;

The Court **DECLINES TO ISSUE** a certificate of appealability;

This action is **TERMINATED**; and

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2014.

**BY THE COURT:**

*[signature]*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**